[No. 11116. Department Two. July 12, 1913.]

FRANK PASAREL, *Respondent*, v. S. M. ANDERSON, *Appellant*.[1]

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $1,200 for personal injuries is not excessive, where it appears that plaintiff was shot in the arm, the bullet, entering below and coming out at the elbow, disabling the plaintiff from following his occupation at $3 a day for five months, and that he had not fully recovered at the time of the trial, seven months after the shooting, when he was earning but $2.50 a day.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered November 9, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*Bridges & Bruener,* for appellant.

*Frank Beam, Govnor Teats, Leo Teats,* and *Ralph Teats,* for respondent.

FULLERTON, J.—In March, 1912, during a strike among the employees of the lumber mills on Grays Harbor, the respondent was shot in the arm by some one while at the mill of the Anderson & Middleton Lumber Company, which had been shut down as a result of the strike. The respondent charged the appellant with the shooting, and brought this action against him to recover in damages for the resulting injury. On the trial a verdict and judgment was entered

[1]Reported in 133 Pac. 441.

in his favor for the sum of $1,200, and this appeal is prosecuted therefrom.

In this court the appellant makes but one contention, namely, that the verdict is excessive; arguing that it is so much so as to show that it was the result of passion and prejudice on the part of the jury. But the jury had the right to believe the evidence most favorable to the side of the respondent on the question of the effect of the injury. This evidence tended to show that the bullet entered the arm below the elbow, and extended upwards through the fleshy part of the arm for some two and one-half inches, coming out above the elbow; that while the wound did not become infected, and healed readily, it prevented the respondent from following his occupation for a period of nearly five months, and at the time of the trial, which was some seven months after the injury, had not then recovered its normal strength. His testimony also tended to show that he was earning three dollars per day prior to his injury, and that the best wage he was able to obtain since he recovered sufficiently to resume work was $2.50 per day.

Conceding, as we must on the face of the record, that the appellant was liable for the injury, we cannot conclude that the verdict was excessive. The respondent's loss in wages alone was considerable, and when we consider the manner in which the injury was inflicted and the consequent mental suffering that would follow, it can hardly be said that the sum awarded was more than just compensation.

The judgment is affirmed.

MAIN, ELLIS, and MORRIS, JJ., concur.